UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                     **Case No. 11 CR 226**

**MARGARET KEEFE,**

        Defendant.

---

## MOTION FOR SEVERANCE

---

**COMES NOW** the above named defendant, by Attorney Robert G. LeBell, and moves the court for entry of an order, pursuant to F.R.Crim.P. 12 and 14, granting him relief from prejudicial joinder and severing her trial from that of Billy Cannon, pursuant to F.R.Crim.P. 14.

The defendant is prejudiced by joinder of the co-defendant because the government may use at trial statements of the co-defendant implicating the defendant in the crime charged, contrary to *Bruton v. United States*, 391 U.S. 123 (1968).

Dated at Milwaukee, Wisconsin this 16th day of December, 2011.

                               Respectfully submitted,

                               */s/ Robert G. LeBell*

                               Robert G. LeBell, 01015710
                               Attorney for Defendant
                               309 N. Water Street, Suite 350
                               Milwaukee, WI 53202
                               (414) 276-1233

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                        **Case No. 11 CR 226**

**MARGARET KEEFE,**

        Defendant.

---

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION FOR SEVERANCE

---

The defendant has been charged with co-defendant, Billy Cannon, in a multi-count indictment. The government alleges four independent acts of Mail Fraud during which the defendants, in concert, schemed to obtain money from banks and lending institutions by various acts. The specific allegations are that Cannon created false applications for residential financing; secured straw buyers; overstated assets and income; and overinflated residential home values. The government further alleges the seller's proceeds from such transactions were divided between the seller and Cannon or one of Cannon's entities. Lastly, the government maintains that the HUD-1 statements for these transactions were created by the defendant, Keefe. As a result, the representations purportedly defrauded the lending institutions.

This indictment was handed down on October 18, 2011. The transactions themselves spanned a period between 2003 and 2007. During the course of the investigation, defendant Cannon debriefed

pursuant to a proffer agreement. On two occasions, Cannon gave detailed information, completely inculpating himself in the charged transactions, as well as many other fraudulent mortgages which have not been alleged in the indictment. During the course of the debriefs, he acknowledged virtually every aspect of the scheme, including: securing straw buyers; obtaining inflated appraisals; submitting false loan applications; providing closing funds for the buyer; and obtaining disbursement of the seller's proceeds.

During the course of the debriefs, Cannon also advised law enforcement officials that the majority of the transactions in which he was involved were closed by defendant, Margaret Keefe. Cannon alleged that, "...everyone [which would include defendant Keefe] involved in these transactions knew what was going on. Everyone received money." Cannon also advised that he dictated to Keefe how the proceeds of the sale would be distributed. Cannon further said that defendant Keefe never asked about the source of the borrowers funds which were brought to the closing.

The records reflect that defendant Keefe was the individual who dispersed the funds from the sales in a manner reflected in the following example: a check for the seller's proceeds would be made payable for $125,000, but the seller never received this check. The seller would sign a form permitting the funds to be dispersed to the seller, as well as to Cannon. A representative of the title company would create this form. The lender didn't get a copy of the disbursement form. According to Cannon, no one, [which would

include Keefe] wanted the lender to know how the funds were actually dispersed. Lastly, Cannon acknowledged that a lending institution would not have approved of the transaction described in the aforementioned example.

Clearly, Cannon's statements directly implicate Keefe in the scheme. He asserts that Keefe knew of many of the improprieties that he described during his debriefings. The fact that Cannon's statements inculpating Keefe were made during a protected proffer does not preclude their admission if certain events should occur. Specifically, if Cannon takes a position at trial, contrary to the sum and substance of his protected proffer statement, these statements can be brought into evidence against him. This appears to be a realistic possibility, in that Cannon has been indicted despite having given proffer protection during two debriefings.

As such, there is a real possibility that Cannon's statements, which directly implicate Keefe, may be introduced at trial by the government. This creates an obvious *Bruton* problem. *Bruton v. United States*, 391 U.S. 123 (1968). There is no means by which a limiting instruction could provide a fair protection to Keefe, in the event the statement is offered. *U.S. v. Mansoori*, 304 F.3d 635, 663 (7th Cir. 2002). Similarly, a redaction of Keefe's name or to her position would not eliminate the *Bruton* issue. See *U.S. v. Hoover*, 246 F.3d 1054, 1059 (7th Cir. 2001).

The defendant therefore respectfully requests that the Court order severance and separate trials for each of the accused in this

matter.

      Dated at Milwaukee, Wisconsin this 16th day of December, 2011.

                              Respectfully submitted,

                              /s/  *Robert G. LeBell*

                              Robert G. LeBell, SBN: 01015710
                              309 N. Water Street, Suite 350
                              Milwaukee, WI 53202
                              (414) 276-1233
                              (414) 276-5874 (Fax)