UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

                                              CASE NO. 11-CR-226

MARGARET KEEFE,

                Defendant.

---

### UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO SEVER

---

The United States of America, by its attorneys, James L. Santelle, United States Attorney, and Lisa Wesley, Assistant United States Attorney, hereby request this court deny the defendant's pretrial motion to sever as premature.

### PROCEDURAL HISTORY

On October 18, 2011, a federal grand jury in the Eastern District of Wisconsin returned a six-count indictment against Margaret Keefe and Billy Cannon, Sr.. Counts One through Four charge the defendants with wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Counts Five and Six charge only Cannon with money laundering in violation of 18 U.S.C. § 1957(a) and 2. The charges in the indictment all stem from the defendants' involvement in a mortgage fraud scheme. Cannon acted as the loan officer, and Keefe was the closing agent for the Title Company for the real estate transactions detailed in the indictment.

The defendants appeared for arraignment on November 17, 2011 and entered pleas of not guilty. A final pretrial is scheduled for January 12, 2011, and a jury trial is scheduled for January 23, 2011, before the Honorable Lynn Adelman.

On December 12, 2011, defendant Keefe filed a motion to sever from Cannon because in a debrief with the government, Cannon made a statement that "everyone involved in these transactions knew what was going on." Cannon, however, never specifically implicated Keefe in the scheme. Keefe, however, was the closing agent for the transactions charged in the indictment as well as numerous other transactions. Based on the above statement, the defendant asserts the possibility that the proffer interview may be introduced at trial creates a *Bruton* issue warranting severance. This argument is premature, and the government requests that Keefe's motion be denied.

**ARGUMENT**

In *Bruton,* the Supreme Court held that a defendant's Sixth Amendment right to confrontation is violated by the introduction into evidence of an extrajudicial confession by a non-testifying co-defendant when the confession implicates the defendant. *Bruton v. United States*, 391 U.S. 123, 137 (1968). The Court held that a cautionary jury instruction could not cure the prejudice. *Id*.

In *Richardson v. Marsh*, 481 U.S. 200, 208-11 (1987), however, the Supreme Court ruled that severance was not required where a non-testifying co-defendant's confession had been redacted so that it did not implicate the defendant. In reaching that decision, the Court explicitly stated that it "express[ed] no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." *Richardson*, 481 U.S. at 211 n. 5, 107

2

Case 2:11-cr-00226-LA-NJ   Filed 12/27/11   Page 2 of 4   Document 16

S.Ct. at 1709 n. 5. The Seventh Circuit, however, has addressed this issue and specifically held that "the replacement of defendants' names with references such as 'another person,' combined with an instruction to consider the confession against only the declarant, satisfies *Bruton*." *United States v. Strickland*, 935 F.2d 822, 826 (7th Cir.), cert. denied, 502 U.S. 917, 112 S.Ct. 324, 116 L.Ed.2d 265 (1991) (citing *United States v. Myers*, 892 F.2d 642, 647 (7th Cir.1990)); see also *United States v. Chrismon*, 965 F.2d 1465, 1472 (7th Cir.1992).

*Bruton*, however, is not implicated if Cannon resolves his case short of trial or Cannon testifies against Keefe at trial. At present, Cannon has stated a desire to resolve his case by entering a plea. If, however, Cannon does not resolve his case short of trial, the proffer interview could only be introduced by the government if Cannon takes a position contrary to his statements regarding the mortgage fraud scheme in his proffer interview. At this point, it is simply premature to decide a motion to sever because too many variables are unknown. Given the particularly strong preference for a single trial for jointly indicted co-defendants in this Circuit, *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003), the government respectfully requests Keefe's motion to sever be denied without prejudice at this time.

Dated at Milwaukee, Wisconsin, this 27th day of December 2011.

Respectfully submitted,

JAMES L. SANTELLE
United States Attorney

By: /s/

LISA WESLEY
Assistant United States Attorney

3

<u>P.O. Address</u>:

530 Federal Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202
414-297-1700

4